UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CURTIS WILLIAMS** | * | **CIVIL ACTION NO.** |
| | * | |
| **VERSUS** | * | **SECTION "___" (___)** |
| | * | |
| **AMERICAN COMMERCIAL BARGE LINE, LLC** | * | **JUDGE:** |
| | * | |
| | * | **MAGISTRATE:** |
| | * | |
| | * | **JURY TRIAL REQUESTED** |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**COMPLAINT**

NOW INTO COURT, through undersigned counsel, comes Plaintiff, CURTIS WILLIAMS, who respectfully represents:

**I. PARTIES**

1. Plaintiff, CURTIS WILLIAMS (hereinafter referred to as "Plaintiff"), is a person of the full age of majority, a citizen of the United States, and a resident of Ascension Parish, Louisiana. At all times relevant herein, Plaintiff was an employee of Defendant, AMERICAN COMMERCIAL BARGE LINE, LLC, and was a seaman and member of the crew of the vessel or fleet of vessels owned by Defendant.

2. Defendant AMERICAN COMMERCIAL BARGE LINE, LLC (hereinafter referred to as "ACBL") is a limited liability company domiciled in Delaware, with its principal place of business in Jeffersonville, Indiana. At all times pertinent hereto, ACBL was licensed to do and doing business in the State of Louisiana and, further, is the owner, owner *pro hac vice* and/or operator of the vessel or fleet of vessels involved herein and employed Plaintiff at the time of the incident involved herein.

## II.  JURISDICTION AND VENUE

3.  Plaintiff brings this Civil Action under the General Maritime Law and under the Jones Act, 46 U.S.C.A. Section 30101 *et. seq.*, with pendent and/or ancillary state claims under the Louisiana Civil Code Article(s) 2315, 2317, and/or 2317.1.

4.  Jurisdiction exists in this Honorable Court pursuant to 28 U.S.C. Section 1331 and/or 28 U.S.C. Section 1332.

5.  The amount in controversy exceeds SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), exclusive of interest and costs.

6.  Venue is proper because the acts and omissions made the basis of this Complaint occurred within the territory of the United States District Court for the Eastern District of Louisiana.

## III.  BACKGROUND

7.  At all times relevant herein, Plaintiff was employed by ACBL, and was working aboard the tugboat "SAFETY GOAL," in the capacity of a deckhand. In that capacity Plaintiff was essential to the mission and purpose of the vessel as a crew member. At all times relevant herein Plaintiff was working within the course and scope of his employment as a seaman and member of the crew of a vessel or fleet of vessels operated and owned by Defendant in the navigable waters of the State of Louisiana.

8.  In or around October 2015, while in service of the M/V SAFETY GOAL, Plaintiff sustained severe injuries to his low back while he was in the process of building tow. While building tow, Plaintiff "jerked up" on the wire to remove the slack, however, a pelican hook securing the wire to the ratchet, which was part of the rigging, was not properly fastened and, as a result, slipped off, causing Plaintiff to fall onto the adjacent barge. Upon information

and belief, the pelican hook had been improperly secured and/or fastened by the lead man/supervisor working with Plaintiff.

9. The incident was witnessed by Plaintiff's supervisor. In the hope that it was minor, and in order not to jeopardize his job, the incident was not initially reported to ACBL, and Plaintiff continued working his regular shift until approximately November 2015 when he began receiving medical treatment for his back. Again, in an effort not to jeopardize his employment, Plaintiff took a leave of absence and began receiving short term disability benefits.

10. In or around May 2016, Plaintiff returned to work with ACBL. Prior to returning, Plaintiff underwent a return-to-work physical exam and was cleared to return to work with no restrictions. On or about July 29, 2016, Plaintiff worked approximately two hours of his hitch, but, due to severe back pain resulting from the October 2015 injury, was unable to complete the remainder of his shift and needed to be taken off the vessel. This was reported to ACBL and an incident report was completed.

## IV. CAUSES OF ACTION

### COUNT I – MAINTENANCE AND CURE UNDER GENERAL MARITIME LAW

11. Plaintiff brings this action against Defendant, ACBL, under General Maritime Law requiring an employer to provide maintenance and cure for injuries and illnesses a seaman incurred while in the service of a vessel under the seaman reaches maximum medical cure.

12. Upon Plaintiff becoming injured and/or ill in the service of the vessel, "SAFETY GOAL", without regard to the questions of liability, fault or negligence on the part of the Defendant and Plaintiff, ACBL, as the owner *pro hac vice* and/or operator of the vessel, became obligated to provide Plaintiff with proper medical treatment, his medical expenses and his

maintenance payments to sustain and maintain himself while receiving medical treatment and while unable to resume his normal duties, commencing on October 15, 2015, or alternatively commencing on July 29, 2016 after Plaintiff reported aggravation of his October 2015 back injury, and continuing thereafter until Plaintiff attains the point of maximum cure.

13. Defendant owes and continues to owe the Plaintiff a duty to provide him with maintenance payments and medical treatment under general maritime law.

14. ACBL has refused to provide Plaintiff with the maintenance and cure benefits to which he is entitled by law. As a result, Plaintiff has been damaged in the amount of unpaid maintenance and cure, including all medical expenses incurred by him and not reimbursed by ACBL.

15. ACBL, despite its knowledge of the informally reported October 2015 incident, has refused to provide maintenance and cure without justification. Although Plaintiff notified ACBL of his need for maintenance and cure benefits and that he would suffer additional damages without assistance, ACBL refused to provide such payments.

16. ACBL, through its agents, attorneys and/or representatives, acted willfully and oppressively by refusing to provide Plaintiff with maintenance and cure payments.

17. ACBL's denial of Plaintiff's benefits is arbitrary and capricious, and ACBL has, in bad faith, refused to provide maintenance and cure benefits without reasonable grounds for doing so.

## COUNT II – JONES ACT NEGLIGENCE

18. Plaintiff brings this action against Defendant ACBL under the provisions of the statutes of the United States, more particularly the Jones Act, Title 46 Section 688 of the United States Code.

19. Under the Jones Act, ACBL owed Plaintiff a safe place to work, which duty was violated through the negligence of ACBL, its agents and/or employees, and this violation had a causative relationship to Plaintiff's injuries.

### COUNT III – GENERAL MARITIME LAW UNSEAWORTHINESS

20. While reiterating and re-alleging each and every preceding allegation, Plaintiff additionally and/or alternatively alleges that ACBL is liable to Plaintiff under the General Maritime Law for negligence, and/or for a breach of the warranty of seaworthiness, extending to the vessel or vessels involved herein, including its crew, gear, and appurtenances.

21. Plaintiff further contends that the vessel or fleet of vessels involved herein were unseaworthy including, but not limited to, ACBL's failure to provide Plaintiff with a safe place to work, failure to provide safe and sufficient gear and/or appurtenances with which to perform his duties, failure to provide proper safety equipment, and/or failure to provide a sufficiently trained and/or competent crew to properly supervise Plaintiff's activities, as well as the operation involved, all of which proximately caused the injuries sustained by Plaintiff.

### COUNT IV – LOUISIANA STATE LAW NEGLIGENCE

22. While re-alleging and reiterating each and every allegation made hereinabove, Plaintiff additionally and/or alternatively alleges that ACBL is liable for negligence under Louisiana Civil Code Articles 2315, 2317, and/or 2317.1, which negligence caused Plaintiff's injuries, and all other laws, statutes, industry customs and regulations applicable to this case.

23. Plaintiff further contends that ACBL was negligent and responsible for all damages claimed herein.

24. ACBL had a duty to provide Plaintiff with the following non-exclusive particulars regarding Plaintiff's work as a crew member of the M/V SAFETY GOAL:

(a) a safe place to work;

(b) safe and sufficient gear and/or appurtenances with which to perform his duties;

(c) proper safety equipment;

(d) a sufficient and or competent crew to work with and/or supervise Plaintiff's activities; and,

(e) appropriate training.

25. ACBL breached its duty to Plaintiff by requiring him to perform his duties without providing safe and sufficient gear and/or appurtenances, proper safety equipment, a sufficient crew, appropriate supervision and/or appropriate training, and/or by other shortcomings which caused an unsafe place to perform Plaintiff's duties.

26. ACBL's breach of its duty to Plaintiff was a substantial factor and/or cause in fact of Plaintiff's injuries.

27. The incident and injury to Plaintiff made the basis of this litigation are directly within the scope of protection afforded by the duty attributed to ACBL, which was breached.

28. As a direct result of ACBL's breach of its duty to Plaintiff, Plaintiff has been injured in fact, sustaining damages to his mind and body, including, but not limited to, his lower back.

## V.   DAMAGES

29. Plaintiff, by virtue of the injuries sustained in the incident sued upon herein, has sustained damages, for which ACBL is liable, as follows:

a. Past, present and future Medical expenses;

b. Past, present, and future loss of wages, fringe benefits and wage earning capacity;

c. Past, present, and future physical pain and suffering;

    d.      Past, present, and future mental pain and suffering;

    e.      Loss of enjoyment of life;

    f.      Permanent disability;

    g.      Maintenance payments of $40/day since the date of injury;

    h.      Attorney's Fees & Costs;

    i.      Punitive Damages;

    j.      All other special and general damages as will be shown at the trial of this matter.

## VI.    PRAYER FOR RELIEF

30.    WHEREFORE, Plaintiff respectfully prays for a trial by jury and for judgment herein against Defendant, ACBL, for damages as are reasonable in the premises and for all costs of these proceedings. Plaintiff further prays for judgment declaring that Defendant ACBL has arbitrarily and capriciously refused to provide Plaintiff with maintenance and cure, commencement of his maintenance and cure benefits, the payment of all reasonable medical expenses, both past and future, attorney's fees, and for other such damages recognized by law, punitive or otherwise, as may be necessary and proper.

Dated: February 26, 2018            All of which is respectfully submitted,

                                          */s/ Hugh P. Lambert*
                                          HUGH P. LAMBERT, T.A. (LA Bar #7933)
                                          CAYCE C. PETERSON, ESQ. (LA Bar #32217)
                                          BRIAN C. MEARS, ESQ. (LA Bar #35909)
                                          The Lambert Firm, PLC
                                          701 Magazine Street
                                          New Orleans, Louisiana 70130
                                          T: (504) 581-1750; F: (504) 529-2931
                                          hlambert@thelambertfirm.com
                                          cpeterson@thelambertfirm.com
                                          bmears@thelambertfirm.com

                                          *Counsel for Plaintiff*